ALBERT W. AYLESWORTH *et al. vs.* GEORGE U. CROCKER *et al.*

PROVIDENCE—OCTOBER 11, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Equity Pleading. Demurrer. Multifariousness.*

A bill in equity for partition of real estate held by most of the parties as devisees under a will sought, in addition, to free the land from the liability of a charge under a bond of the testator to pay an obligee a stated sum each month during her natural life by making the obligee and the executors of the will parties to the bill, and asked the court to award a gross sum or to assign real estate to the obligee in discharge of the bond, or to determine what part of the real estate should be subject to charge for the payment of the bond to the exclusion of the rest. It also prayed for distribution of the personal estate in the hands of the executors:—

*Held*, on demurrer, that the bill was bad for multifariousness, in combining partition of real estate with matters in no way connected with the proceeding.

*Held*, further, that even if the claim of the obligee were likely to become a charge on the realty, the court could not compel her to accept something different from what she agreed to accept, all of the parties to the bill claiming under the same testator and his estate being subject to his obligations.

*Aliter*, if the obligations were those of a tenant in common which stood in the way of partition.

*Held*, further, that the executors, obligee, and surety on the bond were not proper parties to the bill.

(2) *Equity Pleading. Parties.*

Under the provisions of Gen. Laws R. I. cap. 265, § 20, in a bill for partition, where the estate is held by the tenants in common, in tail, the children of the first tenants in tail are proper parties to the bill, except as to those shares in which the entail has been barred.

(3) *Equity Pleading. Parties.*

So also are the wives and husbands of the first tenants in tail proper parties to the bill.

(4) *Equity Pleading. Pendency of another Bill.*

Although the general rule in equity is that the pendency of another bill between the same parties for the same result is good cause of demurrer, yet, where the second bill embraces additional and proper parties, it is not demurrable, although the same result might have been reached in a better way by demurrer to the first bill for want of parties.

BILL IN EQUITY for partition of real estate, with prayers for other relief, the nature of which is stated in the opinion. Heard on bill and on demurrers of the respective respondents on grounds which are also stated in the opinion. Demurrers sustained on ground of multifariousness and improper parties to bill.

STINESS, J. Several objections to this bill for partition are raised on demurrer. One objection is that the bill is multifarious.

Its primary object is a division of real estate held by most of the parties as devisees under the will of Eli Aylesworth, and in aid of this object it seeks to free the land from the liability of a charge under a bond of the testator to pay Susan H. Seamans seventy-five dollars a month during her natural life by making her and the executors of the will parties to this bill, and asking the court to award a gross sum or to assign real estate to her in discharge of said bond, or to determine what part of the real estate shall be subject to charge for such payments to the exclusion of the rest. It then prays for a distribution of the personal estate in the hands of the executors.

(1) The statement of the prayers of the bill shows clearly that

it is multifarious, as defined in *Arnold* v. *Arnold*, 9 R. I. 397 ; *Chafee* v. *Quidnick Co.*, 13 R. I. 442. It combines partition of real estate with distribution of personal estate, which are matters not only different in nature but cognizable in different forums. They are in no way connected with this proceeding, for the bill shows that the personalty in the hands of the executors is ample to satisfy the only outstanding claim against the estate. By the allegations of the bill, therefore, this claim is not now and is not likely to become a charge upon the realty. But if it were otherwise, the court cannot compel the obligee to accept something else than that which she agreed to accept. She is entitled to stand upon her bond. It is not like cases of tenants in common, holding under independent titles, where an obligation of one cannot hinder the rights of others. Here all claim under the same testator, and his estate is subject to his obligations. For the obligation which he gave, his devisees cannot substitute something else, as might be done if it were simply an obligation of a tenant in common which stood in the way of partition. The executors, obligee, and surety in the bond are not proper parties to the bill.

(2)    The will devised the real estate in tail ; and another objection to the bill is that children, husbands, and wives of first tenants in tail are made parties. We do not need to consider the general rule on this subject, because, in our opinion, Gen. Laws R. I. cap. 265, § 20, covers this case.

"Partition, either at law or in equity, may be made of any lands  .  .  .  between the person or persons who hold the fee of any share or shares thereof, and the person or persons who hold or are or may be entitled to any share or shares thereof, for life or in reversion or remainder, and whether such remainder be vested or contingent, and whether it be to persons in being and ascertained or to persons not in being and to be ascertained thereafter, or subject to be opened to let in those afterwards to come into being or having other interests whatsoever vested or contingent therein : *Provided*, that all persons in being at the time of the commencement of the suit for partition, interested in the estate,

be made parties to the proceedings,.and their title or interest fully shown upon the record by the pleadings ; *and provided also,* that before final judgment or decree for partition or sale in any such case the court shall appoint some discreet person to represent the interest of persons, if any, not then in being."

This statute was passed in February, 1861, Pub. Laws, cap. 360, and its evident purpose is to allow full partition with clear title, while, at the same time, all interests are to be represented, or shown to the court that they may be duly protected.  It is very broad in its terms, covering interests both vested and contingent, those ascertained and to be ascertained, and persons living and those who may be born.  In *Lyman, Pet'r,* 11 R. I. 157, the rule of this statute in partition was extended to a case of sale of trust property by a trustee. The principle of the two classes of cases was recognized to be analogous, and the rule. of the statute was followed in order to bind future contingent interests.  The children, at least, have contingent interests, except as to those shares in which the entail has been barred.  As to the other shares, therefore, the children are proper parties under the statute.

(3)    As to the wives, it was held in *Hoxsie* v. *Ellis,* 4 R. I. 123, that a wife, or even a widow before assignment of dower, need not be a party to an action for partition, as she had a right simply and not an estate.  This decision was before the statute quoted above ; but since that statute we think that the practice has been to join wives, in cases of remainders, as persons "having other interests whatsoever, vested or contingent," in distinction. from cases where tenants in common are "actually seized or possessed of any estate of inheritance" in their own right, as provided in section 2 of the same chapter.  In addition to these statutory provisions it was held in *Calland* v. *Conway,* 14 R. I. 9, that the court has jurisdiction in partition under its general chancery powers.

In *Lyman, Pet'r,* Judge Potter implied a distinction between cases of sale and partition by metes and bounds.  He said : "We can easily understand why in partition and many other cases a court might hold a share to be well represented

by the first tenant in tail or person holding the first estate, while the same reasons would not apply where the object was a sale of the property, or a total change of its nature."

We think, however, that the terms of section 20 are applicable to this case, and hence that the wives and husbands are proper parties to the suit.

(4)    Another objection is that the bill shows that another bill, brought by other parties for the same partition, is now pending.    The bill alleges that the conduct of the prior suit shows a purpose to delay partition instead of accomplishing it.    If this be so, the proper mode of procedure is to move to dismiss the bill for want of prosecution.    The general rule in equity is that the pendency of another bill between the same parties for the same result is good ground of demurrer.    1 Dan. Ch. Pr. *632.    But where the second bill embraces the whole subject in dispute more completely than the first, it will be allowed to stand and the first bill will be dismissed.    1 Dan. Ch. Pr. *633.    As this bill embraces additional and, as we hold, proper parties, it is not demurrable as a second bill, although the same result might have been reached in a shorter and better way by a demurrer to the first bill for want of parties.

It follows that the demurrer is sustained on the grounds of multifariousness and of bringing in as parties devisees in tail where the entail has been barred.

*Cooke & Angell and Arthur P. Sumner*, for complainants.

*Bassett & Mitchell, Clarence A. Aldrich, and Nathan W. Littlefield*, for respondents.